FILED
2022 Jan-14  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

STATE FARM FIRE AND CAUSALTY COMPANY, as subrogee of Vameshia Carmichael, and VAMESHIA CARMICHAEL,

      Plaintiffs,

v.

BROAN-NUTONE LLC, and A.O. SMITH CORPORATION,

      Defendants.

Civil Action No:

## COMPLAINT

Plaintiffs, State Farm Fire and Casualty Company a/s/o Vameshia Carmichael and Vameshia Carmichael, by and through undersigned counsel, hereby demand judgment against all Defendants and complain against them as follows:

## PARTIES

1.    The Plaintiff, State Farm Fire and Casualty Company, is an Illinois corporation engaged, at all times relevant hereto, in the business of property (*inter alia*) insurance, and was duly authorized to engage in the business of insurance in the state of Alabama.

2.    The Plaintiff, Vameshia Carmichael, is an individual over the age of

nineteen (19) years old and is the owner and occupant of the residence located at 3470 Burlington Drive, Fultondale, Alabama 35068.

3.      Upon information and belief, the Defendant, Broan-Nutone LLC, is in the business of designing, manufacturing, assembling, selling and distributing residential ventilation products, including ventilation fans, that are put into the stream of commerce in the United States, including Alabama, and to the best information and knowledge of the Plaintiffs, this Defendant designed and manufactured the ventilation fan made the basis of this suit.

4.      Upon information and belief, the Defendant, A.O. Smith Corporation, Inc., was, at the time of the incident made the basis of this complaint, in the business of designing, manufacturing, assembling, selling and distributing ventilation fan motors that were put into the stream of commerce in the United States, including Alabama, and to the best information and knowledge of the Plaintiffs, this Defendant designed and manufactured the ventilation fan motor which is a component part of the ventilation fan made the basis of this suit.

5.      The Defendant, Broan-Nutone LLC is a foreign corporation with its principal place of business located in Hartford, Wisconsin.

6.      The Defendant, A.O. Smith Corporation is a foreign corporation with its principal place of business located in Milwaukee, Wisconsin.

## JURISDICTION AND VENUE

7.      Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court, exclusive of interest and costs.

8.      Venue is proper in this district based on 28 U.S.C. § 1391 in that the events giving rise to this claim occurred within this district.

9.      Upon information and belief, Defendant Broan-Nutone LLC ("Broan"). is in the business of designing, manufacturing, assembling, selling, and distributing ventilation fans that are placed in the stream of commerce in the United States, including the state of Alabama.  Accordingly, the Court has specific and/or personal jurisdiction over Broan.

10.     Upon information and belief, Defendant A.O. Smith Corporation ("A.O. Smith") is in the business of designing, manufacturing, assembling, selling, and distributing ventilation fan motors that are placed in the stream of commerce in the United States, including the state of Alabama.  Accordingly, the Court has specific and/or personal jurisdiction over A.O. Smith.

## GENERAL ALLEGATIONS

11.     On or about January 18, 2020, at 3470 Burlington Drive, Fultondale,

Alabama ("Carmichael Home"), a Broan ventilation fan, containing an A.O. Smith manufactured fan motor, self-ignited resulting in substantial damages to the Carmichael Home and personal property located therein.

12.     The fire occurred during the effective term of an insurance policy between Plaintiff State Farm Fire and Casualty Company and its subrogor, Vameshia Carmichael, by the terms of which Plaintiff State Farm Fire and Casualty Company became subrogated to the rights of subrogor against the Defendants.

13.     As a result of the fire and pursuant to the terms of the insurance policy, State Farm Fire and Casualty Company reimbursed its insured, Vameshia Carmichael, for the fair and reasonable value of her damaged property and for other covered losses in the amount of $160,502.45.

14.     As a result of the fire, Plaintiff Vameshia Carmichael incurred damages and losses not covered by insurance, including her $1,000.00 deductible.

15.     In accordance with the common law principles of equitable and/or legal subrogation, in additional to the terms and conditions of the applicable polices of insurance, State Farm Fire and Casualty Company is subrogated to the rights of its insured with respect to the payments made in compensation for the aforementioned loss.

16.     All named defendants were the sellers, distributers, manufacturers, assemblers, and/or designers of the ventilation fan and/or a component part thereof

which self-ignited and resulted in damages sustained by all Plaintiffs.

## COUNT I
## NEGLIGENCE
(Defendant Broan-Nutone LLC)

17.    Defendant Broan negligently sold, distributed, manufactured, assembled and/or designed the defective ventilation fan and placed said product into the stream of commerce throughout the United States, including the state of Alabama, in the following ways:

      a. Defendant did not properly or adequately design and/or test the ventilation fan before it was made a component part of the Laptop and before it reached the general public and Plaintiff Vameshia Carmichael; nor did Defendant provide Vameshia Carmichael a reliable way to test whether the ventilation fan was properly functioning during normal use by Plaintiff; nor was Vameshia Carmichael informed by Defendant as to what type preventive maintenance schedule a consumer should adhere to in response to the ventilation fan's inherent and latent dangers;

      b. That Defendant knew or by exercise and reasonable care should have known of the faulty characteristics of said ventilation fan, and  as  a consequence thereof, negligently failed to warn members of the public, and in particular, Plaintiff Vameshia Carmichael of the inherent, hidden, and latent dangers which Plaintiff was exposed to when

utilizing the ventilation fan in the manner and for the purpose for which it was intended by Defendant;

c.  That Defendant was negligent in designing the ventilation fan and said ventilation fan failed to address the latent, hidden and inherent dangers (of which Defendant had previous knowledge) in said ventilation fan and knew, or should have known, in the exercise of reasonable care that such design was defective and would result in a faulty product being distributed for use to the general public, in particular to Plaintiff Vameshia Carmichael; particularly Defendant negligently failed to design the ventilation fan so that it would not catch fire while being used in an ordinary, normal and foreseeable way;

d.  That Defendant was negligent in the design, manufacture, and/or pre- and post-manufacturing testing of said ventilation fan; Defendant knew, or should have known in the exercise of reasonable care, that such manufacturing, design, and testing procedures were defective and would result in a faulty and defective product being distributed for use to the general public, and in particular to Plaintiff Vameshia Carmichael.  Said latent and inherent dangers were unforeseeable to the general public and more particularly to Plaintiff when operating the ventilation fan in the manner and for the purpose for which it

6

was intended.

18.   The above identified wrongful acts of Defendant caused Plaintiffs substantial damages to both real and personal property and loss of use of said property.

WHEREFORE, all Plaintiffs demand judgment against Defendant Broan, separate and severally, in an amount to be determined by the trier of fact.

**COUNT II**
**NEGLIGENCE**
(Defendant A.O. Smith Corporation)

19.   Defendant A.O. Smith negligently sold, distributed, manufactured, assembled and/or designed the ventilation fan motor, and Defendant either knew or it was reasonably foreseeable that said motor would be incorporated into a finished product that was placed into the stream of commerce throughout the United States, including the state of Alabama, in the following ways:

a. Defendant did not properly or adequately design and/or test the ventilation fan motor before it was made a component part of the ventilation fan and before it reached the general public and Plaintiff Vameshia Carmichael; nor did Defendant provide Vameshia Carmichael a reliable way to test whether the ventilation fan motor was properly functioning during normal use by Plaintiff; nor was Vameshia Carmichael informed by Defendant as to what type preventive

maintenance schedule a consumer should adhere to in response to the ventilation fan's inherent and latent dangers;

b. That Defendant knew or by exercise and reasonable care should have known of the faulty characteristics of said ventilation fan motor, and as a consequence thereof, negligently failed to warn members of the public, and in particular, Plaintiff Vameshia Carmichael of the inherent, hidden, and latent dangers which Plaintiff was exposed to when utilizing the ventilation fan motor as a component part of the said ventilation fan in the manner and for the purpose for which it was intended by Defendant;

c. That Defendant was negligent in designing the ventilation fan motor and said ventilation fan motor failed to address the latent, hidden and inherent dangers (of which Defendant had previous knowledge) in said ventilation fan motor and knew, or should have known, in the exercise of reasonable care that such design was defective and would result in a faulty product being distributed for use to the general public, in particular to Plaintiff Vameshia Carmichael; particularly the Defendant negligently failed to design the ventilation fan motor so that it would not catch fire while being used in an ordinary, normal and foreseeable way;

d.  That Defendant was negligent in the design, manufacture, and/or pre-
and post-manufacturing testing of said ventilation fan motor; Defendant
knew, or should have known in the exercise of reasonable care, that
such manufacturing, design, and testing procedures were defective
and would result in a faulty and defective product being distributed for
use to the general public, and in particular to Plaintiff Vameshia
Carmichael.   Said latent and inherent dangers were unforeseeable to
the general public and more particularly to Plaintiff when operating
the ventilation fan motor as a component part of the said ventilation fan
in the manner and for the purpose for which it was intended.

20.     The above identified wrongful acts of Defendant caused Plaintiffs
substantial damages to both real and personal property and loss of use of said
property.

WHEREFORE, all Plaintiffs demand judgment against Defendant A.O.
Smith, separate and severally, in an amount to be determined by the trier of fact.

<u>**COUNT III**</u>
<u>**STRICT LIABILITY:**</u>
<u>**BREACH OF THE ALABAMA EXTENDED**</u>
<u>**MANUFACTURER LIABILITY DOCTRINE**</u>
(Against Defendant Broan-Nutone LLC)

21.     Plaintiffs incorporate the allegations set forth in the prior paragraphs of
this Complaint as though they were set forth herein.

22.    Defendant Broan negligently sold, distributed, manufactured, assembled and/or designed the ventilation fan and/or component parts thereof and placed said products into the stream of commerce throughout the United States, including the state of Alabama.

23.    The ventilation fan was expected to and did reach Plaintiff Vameshia Carmichael, who used the ventilation fan as intended by Defendant.

24.    The ventilation fan reached Plaintiff Vameshia Carmichael without substantial change in its condition from the time it was sold or placed into the stream of commerce by Defendant.

25.    Defendant Broan knew or should have known about the defective or flawed nature of the ventilation fan when being used for its intended purpose.

26.    The ventilation fan's defects were not known to the Plaintiffs and were not discoverable through reasonable inspection.

27.    The ventilation fan was defective in design and/or manufacture in that it could overheat and catch fire, posing fire and burn hazards to consumers due to the extensive heat generated by the ventilation fan and component parts.

28.    The ventilation fan was defective in design and/or manufacture in that  it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.  The ventilation fan should have been designed and manufactured

in such a way that it would not overheat and catch fire.

29.    The ventilation fan was defective in design and/or manufacture in that when it left Broan's custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

30.    The ventilation fan was defective due to inadequate warning or instruction regarding potential overheating issues and fire hazards.  Broan knew or should have known of the defects in the ventilation fan and failed to address the defects or otherwise warn consumers regarding potential overheating issues.

31.    That said negligence caused or allowed to cause a fire which resulted in fire and smoke damage to the property located at 3470 Burlington Drive, Fultondale, Alabama 35068.

32.    As a direct and proximate consequence of said negligence, Plaintiffs were caused substantial damages to both real and personal property and loss of use of said property.

WHEREFORE, all Plaintiffs demand judgment against Defendant Broan, separate and severally, in an amount to be determined by the trier of fact.

## COUNT IV
## STRICT LIABILITY:
## BREACH OF THE ALABAMA EXTENDED
## MANUFACTURER LIABILITY DOCTRINE
(Against Defendant A.O. Smith Corporation)

33.     Defendant A.O. Smith negligently sold, distributed, manufactured, assembled and/or designed the ventilation fan motor and/or component parts thereof, and defendant either knew or it was reasonably foreseeable that said motor would be incorporated into a finished product that was placed into the stream of commerce throughout the United States, including the state of Alabama.

34.     The ventilation fan motor was expected to and did reach Plaintiff Vameshia Carmichael, who used the ventilation fan as intended by Defendant.

35.     The ventilation fan motor reached Plaintiff Vameshia Carmichael without substantial change in its condition from the time it was sold or placed into the stream of commerce by Defendant.

36.     Defendant A.O. Smith knew or should have known about the defective or flawed nature of the ventilation fan motor when being used for its intended purpose.

37.     The ventilation fan motor's defects were not known to the Plaintiffs and were not discoverable through reasonable inspection.

38.     The ventilation fan motor was defective in design and/or manufacture in that it could overheat and catch fire, posing fire and burn hazards to consumers due to the extensive heat generated by the ventilation fan motor and the adverse effects such heat had on the ventilation fan and other component parts.

39.     The ventilation fan motor was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design. The ventilation fan motor should have been designed and manufactured in such a way that it would not overheat and catch fire.

40.     The ventilation fan motor was defective in design and/or manufacture in that when it left A.O. Smith's custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

41.     The ventilation fan motor was defective due to inadequate warning or instruction regarding potential overheating issues and fire hazards. A.O. Smith knew or should have known of the defects in the ventilation fan motor and failed to address the defects or otherwise warn consumers regarding potential overheating issues.

42.     That said negligence caused or allowed to cause a fire which resulted

in fire and smoke damage to the property located at 3470 Burlington Drive, Fultondale, Alabama 35068.

43.     As a direct and proximate consequence of said negligence, Plaintiffs were caused substantial damages to both real and personal property and loss of use of said property.

WHEREFORE, all Plaintiffs demand judgment against Defendant A.O. Smith, separate and severally, in an amount to be determined by the trier of fact.

**COUNT V**
**FAILURE TO WARN/SAFEGUARD**
(Against Defendant Broan-Nutone LLC)

44.    Defendant Broan negligently failed to warn of potential hazards, negligently failed to design/install adequate risk reduction guards/devices on the ventilation fan and/or component parts thereof that would prevent the ventilation fan from overheating and catching fire.  Defendant failed to design the ventilation fan where heat dissipation would not adversely affect the ventilation fan and component parts to the point where an ignition event occurred.  Finally, Defendant failed to warn of the possibility of an ignition event (even though the ventilation fan was used for its intended purpose) and how such an event could be prevented.

45.    That as a proximate consequence of said negligent failure to warn and negligent failure to design/install adequate risk reduction guards/devices, Plaintiffs were caused damages to both real and personal property and loss of use of said

property when the ventilation fan overheated and caught fire.

WHEREFORE, Plaintiffs demand judgment against Defendant Broan separately and severally, in an amount to be determined by the trier of fact.

## COUNT VI
## FAILURE TO WARN/SAFEGUARD
(Against Defendant A.O. Smith Corporation)

46.    Defendant A.O. Smith negligently failed to warn of potential hazards, negligently failed to design/install adequate risk reduction guards/devices on the ventilation fan motor and/or component parts thereof that would prevent the ventilation fan motor from overheating and catching fire. Defendant failed to design the ventilation fan motor where  heat dissipation would not  adversely affect  the ventilation fan  and component parts to the point where an ignition event occurred. Finally, Defendant failed to warn of the possibility of an ignition event (even though the ventilation fan and motor was used for its intended purpose) and how such an event could be prevented.

47.    That as a proximate consequence of said negligent failure to warn and negligent failure to design/install adequate risk reduction guards/devices, Plaintiffs were caused damages to both real and personal property and loss of use of said property when the ventilation fan and motor overheated and caught fire.

WHEREFORE, Plaintiffs demand judgment against Defendant A.O. Smith separately and severally, in an amount to be determined by the trier of fact.

<u>**COUNT VII**</u>
<u>**BREACH OF IMPLIED**</u>
<u>**AND/OR EXPRESS**</u>
<u>**WARRANTIES**</u>
(Defendant Broan-Nuton LLC)

48.    Defendant Broan did expressly and/or impliedly warrant the use of the

ventilation fan and component parts thereof, through trade, custom, and usage to be

of merchandise quality and to be fit for the purpose and manner for which said

ventilation fan was being utilized by Plaintiff Vameshia Carmichael at the time of

loss.

49.    Defendant was engaged in the business of designing, manufacturing,

labeling, promoting, distributing, marketing, supplying, selling, and/or otherwise

placing ventilation fans and/or component parts thereto into the stream of

commerce throughout the United States, including the state of Alabama.

50.    Defendant did warrant, either expressly or impliedly, that the

ventilation fan and/or component parts thereof were fit for the intended purpose for

which Plaintiff Vameshia Carmichael used it/them, and that Defendant knew that a

purchaser and user would rely on Defendant's skill and/or judgment to furnish a

suitable product.

51.    That Defendants did breach all said express and/or implied warranties.

52.    That as a proximate consequence of said breach of all said express

and/or implied warranties by Defendant, Plaintiff Vameshia Carmichael was caused damages to both real and personal property and loss of use of said property.

WHEREFORE, Plaintiffs demand judgment against Defendant Broan, separately and severally, in an amount to be determined by the trier of fact.

**COUNT VIII**
**BREACH OF IMPLIED**
**AND/OR EXPRESS WARRANTIES**
(Defendant A.O. Smith Corporation)

53.    Defendant A.O. Smith did expressly and/or impliedly warrant the use of the ventilation fan motor and component parts thereof, through trade, custom, and usage to be of merchandise quality and to be fit for the purpose and manner for which said ventilation fan motor was being utilized by Plaintiff Vameshia Carmichael at the time of loss.

54.    Defendant was engaged in the business of designing, manufacturing, labeling, promoting, distributing, marketing, supplying, selling, and/or otherwise placing ventilation fan motors and/or component parts thereto into the stream of commerce throughout the United States, including the state of Alabama.

55.    Defendant did warrant, either expressly or impliedly, that the ventilation fan motor and/or component parts thereof were fit for the intended purpose for which Plaintiff Vameshia Carmichael used it/them, and that Defendant knew that a purchaser and user would rely on Defendant's skill and/or judgment to furnish a suitable product.

56.     That Defendants did breach all said express and/or implied warranties.

57.     That as a proximate consequence of said breach of all said express and/or implied warranties by Defendant, Plaintiff Vameshia Carmichael was caused damages to both real and personal property and loss of use of said property.

WHEREFORE, Plaintiffs demand judgment against Defendant A.O. Smith, separately and severally, in an amount to be determined by the trier of fact.

Respectfully submitted,

*/s/ Benjamin D. Cohn*
Benjamin D. Cohn (ASB-7856-E61C)
Attorney for State Farm Fire and
Casualty Company and Vameshia
Carmichael

**OF COUNSEL:**
WILLIAMS ELLIOTT & COHN, LLC
1924 29th Avenue South
Birmingham, Alabama 35209
P: (205) 870-8525
T: (205) 870-9612
cohn@wec-law.com