## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STATE FARM FIRE and CASUALTY COMPANY, et al.,** } | |
| } | |
| } | |
| **Plaintiffs,** } | |
| } | **Case No.: 2:22-CV-58-RDP** |
| **v.** } | |
| } | |
| **BROAN-NUTONE LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant A.O. Smith Corporation's Motion to Dismiss (Doc. # 6). A.O. Smith seeks dismissal of Plaintiffs' claims against it for lack of personal jurisdiction. (*Id.*). Plaintiffs, State Farm Fire and Casualty Co., and Vameshia Carmichael, have filed a Response to the Motion that indicates that the Motion is unopposed because Plaintiffs do not have sufficient evidence to establish personal jurisdiction over A.O. Smith. (Doc. # 17). After careful consideration, and for the reasons explained below, the court concludes A.O. Smith's Motion is due to be granted.

## I.    Background

On or about January 18, 2020, a ventilation fan manufactured by Defendant Broan-Nutone LLC ("Broan") and containing an A.O. Smith manufactured fan motor, self-ignited resulting in substantial damages to Carmichael's home in Fultondale, Alabama, and personal property located in the home. (Doc. # 1 ¶ 11). State Farm reimbursed its insured, Carmichael, for the value of the damaged home and property and became subrogated to the rights of its insured under the applicable policy. (Doc. # 1 ¶¶ 13, 15). In the Complaint, Plaintiffs assert negligence, AEMLD, failure to

warn, and breach of warranty clams against A.O. Smith. (Doc. # 1, *generally*). Plaintiffs also sued Broan-Nutone LLC, the manufacturer of the fan. (Doc. # 1 ¶ 3).

A.O. Smith is a Delaware corporation with its principal place of business located in Milwaukee, Wisconsin. (Doc. # 6-1 ¶¶ 4-5). A.O. Smith has no manufacturing facilities or administrative offices in Alabama. (*Id*. at ¶¶ 6-7). Further, A.O. Smith did not design, develop, manufacture, or test any electric motor component supplied for the bathroom exhaust fan at issue in this case within the State of Alabama. (*Id*. at ¶¶ 13-14). A.O. Smith did not participate in the final assembly or sale of the subject exhaust fan. (*Id*. at ¶ 16). A.O. Smith sold its motor division in 2011, more than ten years ago. (*Id*. at ¶ 12).

All motors A.O. Smith sold to Broan for inclusion in its ventilation products were custom made for Broan and were not sold to other customers. (Doc. # 6-2 ¶ 4). A.O. Smith did not design, develop, or manufacture any of the electric motor component parts it sold to Broan in the state of Alabama. (Doc. # 6-1 ¶ 13). There is no record of any shipments of motors being made to Broan within the state of Alabama. (*Id*. at ¶ 15). A.O. Smith did not participate in the final assembly, retail sale, or consumer distribution of the subject fan or any Broan products. (*Id*. at ¶ 16). That is, A.O. Smith is an out-of-state corporation having no continuous and systematic affiliations or contacts with Alabama. (*Id*., *generally*).

In their Response to A.O. Smith's Motion, Plaintiffs state:

> Plaintiffs conclude that they do not have enough facts to show Defendant has sufficient affiliations with the forum state in relation to the controversy at hand to satisfy the  purposeful availment prong of the Eleventh Circuit's due process test for specific jurisdiction, and therefore concede Defendant's Motion is due to be granted.

(Doc. # 17 at 2, ¶ 4).

2

## II.      Standard of Review

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) ("A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction."). If the plaintiff satisfies his initial burden and the defendant then challenges personal jurisdiction by submitting affidavit evidence or deposition testimony, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268 (11th Cir. 2002); *see also Posner*, 178 F.3d at 1214 ("The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'").

## III.     Analysis

"A federal district court in [Alabama] may exercise personal jurisdiction over a nonresident defendant to the same extent that [an Alabama] court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Under its long-arm statute, "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000) (citing *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993)); *see also* Ala. R. Civ. P. 4.2 (permitting jurisdiction over nonresident defendants on any basis "not

inconsistent with the constitution of this state or the Constitution of the United States"). Thus, this court may exercise personal jurisdiction over a defendant so long as jurisdiction is consistent with federal due process principles.

The Supreme Court has recognized two types of personal jurisdiction consistent with the Fourteenth Amendment's Due Process Clause—general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). In considering whether personal jurisdiction complies with due process, the court must consider "whether the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant subject to general jurisdiction in a forum may be sued in that forum on all claims against it, even if the claims have no connection to the forum. *Id.* at 919. By contrast, a defendant that is subject only to specific jurisdiction may only be sued with respect to claims that arise out of, or relate to, the defendant's contacts with the forum. *Id.* at 923-24. In this case, Plaintiffs have conceded that they cannot establish either general or specific jurisdiction over A.O. Smith.

A.    **General Jurisdiction**

For general jurisdiction to exist, the defendant's "affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Under *Daimler*, corporations are subject to general jurisdiction where they are incorporated or where they have their principal place of business. 571 U.S. at 137. In this case, A.O. Smith has submitted uncontroverted evidence that it is incorporated in Delaware and has its principal place of business in Wisconsin. (Doc. # 6-1 at 3, 6). Although *Daimler*

4

recognized there may be "an exceptional case" in which a business's "operations in a forum other than its formal place of incorporation or principal place of business may be so substantial" as to support general jurisdiction in that forum, 571 U.S. at 139 n.19, the facts in this case do not support such a finding. A.O. Smith does not have its place of incorporation or its principal place of business at Alabama, and nor do these facts fit the exceptional circumstance contemplated in *Daimler*. Therefore, as Plaintiffs concede, this court lacks general personal jurisdiction over Defendant.

### B.    Specific Jurisdiction

Specific jurisdiction is present only if an action "aris[es] out of or relat[es] to the defendant's contact with the forum." B*ristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cty*., 137 S.Ct. 1773, 1780 (2017); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). To determine whether the exercise of specific jurisdiction comports with the Due Process Clause, this court must apply a three-part test, which examines whether: (1) "the plaintiff[] ha[s] established that [her] claims 'arise out of or relate to' at least one of the defendant's contacts with the forum;" (2) "the plaintiff[] [has] demonstrated that the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state;" and (3) "the defendant has 'made a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Waite*., 901 F.3d at 1313 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)) (alteration in original omitted).

### i.    Arises Out of or Relatedness

Under the first prong, the court must focus on the "direct causal relationship among the 'defendant, the forum, and the litigation.'" *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). The Eleventh Circuit has previously held that a tort "'arises out of or relates to' the defendant's activity

in a state only if the activity is a 'but-for' cause of the tort." *Waite*, 901 F.3d at 1314 (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)). The Supreme Court, however, has held that a "strict causal relationship between the defendant's in-state activity and the litigation" is not necessary. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). In *Ford*, the Supreme Court clarified that the "*relate to*" portion of the standard "contemplates that some relationships will support jurisdiction without a causal showing." *Id.* (citations omitted) (emphasis in original). While this "does not mean that anything goes[,]" specific personal jurisdiction will exist in cases where "a company . . . serves a market for a product in the forum State and the product malfunctions there." *Id.* at 1026-27.

Here, A.O. Smith asserts that Plaintiff cannot show that it had sufficient contacts with Alabama because the motor allegedly used in the Broan exhaust fan was not designed, developed, or manufactured within the state of Alabama. (Doc. # 6 at 8-9). Plaintiff concedes this point. (Doc. # 17 at 2).

### ii.    Purposeful Availment

For the second prong, the court must consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475(1985) (internal quotation marks omitted). The contacts "must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual

relationship centered there." *Ford*, 141 S.Ct. at 1025 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

The record evidence shows that A.O. Smith has no facilities or employees in the state of Alabama and that the fan motor at issue here was not designed, developed, manufactured, or tested in the state of Alabama. (Doc. # 6-1 at 3-4). Additionally, A.O. Smith presented evidence that all motors A.O. Smith sold to Broan for inclusion in its ventilation products were custom made for Broan and were not sold to other customers. (*Id.*). Moreover, A.O. Smith also has no record of any shipments of its motors that were made to Broan within the State of Alabama. (Doc. #6-1 at 4). Again, Plaintiff concedes it has no contrary evidence.

If the plaintiff satisfies the first two prongs, the court must examine the "burden on [the defendant], the interests of the forum state, and [the plaintiff's] interest in obtaining relief." *World–Wide Volkswagen*, 444 U.S. 286, 292 (1980); *see also Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (citing *Burger King*, 471 U.S. at 477). Because Plaintiff has not satisfied either of the first two prongs, the court need not proceed with this third prong's due process analysis.

## IV.    Conclusion

For the reasons explained above, Defendant A.O. Smith's Motion to Dismiss (Doc. # 6) is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this March 31, 2022.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE