# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STATE FARM CASUALTY COMPANY, et al.,** | } } } |
| **Plaintiffs,** | } } |
| v. | } **Case No.: 2:22-cv-00058-RDP** } } |
| **BROANE-NUTONE, LLC,** | } } |
| **Defendant.** | } } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' Motion for Summary Judgment (Doc. # 32), filed April 3, 2023. The Motion has been fully briefed (Docs. # 33, 35, 36) and is ripe for review. After careful consideration, and for the reasons below, Plaintiffs' Motion (Doc. # 32) is due to be denied.

**I.  Introduction**

This case arises out of a housefire in Fultondale, Alabama. Following a round of expert discovery, Plaintiffs assert that there is no genuine dispute of material fact and that the undisputed evidence shows that the fire started in the bathroom exhaust fan manufactured by Defendant. Defendant contends that the question of where the fire originated is in genuine dispute, and that a jury must resolve that question, not the court. The only issue before the court, then, is whether Plaintiffs have carried their burden of establishing that there are no disputes of material fact as to the origin of the fire and that they are entitled to judgment as a matter of law. For the reasons explained below, they have not.

**II.     Background**

The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

**A.     The Fire**

In the early evening of January 18, 2020, a smoke detector went off at 3470 Burlington Drive in Fultondale, Alabama. (Doc. # 33 ¶ 1); (Doc. # 31-1). The Fultondale Fire and Rescue Department ("FFRD") quickly responded, and, within minutes, the fire was under control. (*Id.*). Among those who responded was Justin McKenzie, who at the time was the Chief Fire Inspector of the FFRD. (*Id.* ¶ 2). As Chief Inspector, McKenzie personally investigated the scene after the fire was extinguished. (*Id.* ¶ 4); (Doc. # 31-2 at 19-20).

**B.     Plaintiffs' Expert Testimony**

Plaintiffs offer expert testimony from McKenzie and their origin and cause expert, Morgan Fuller. McKenzie is a certified fire inspector through the Alabama Fire College. (Doc. # 31-2 at 7-8). Fuller is a certified fire investigator with Crain & Associates, a technical investigation company located in Birmingham, Alabama. (Doc. 31-5 at 9).

On the night of the fire, McKenzie concluded that the fire originated in the "electrical fan or the exhaust fan that was in the master bathroom," specifically in the small water closet where the toilet is located. (Doc. # 31-2 at 21). McKenzie came to this conclusion because items that would ordinarily catch fire at ground level -- magazines, toilet paper, etc. -- were undamaged. (*Id.*

2

at 21-23). Further, he noted that the exhaust fan cover was gone when they arrived, the fan motor was charred, and the burn pattern suggested that the fire had come from that area, rather than starting elsewhere and then reaching the fan. (*Id*. at 24-25).

Fuller first investigated the fire on January 24, 2020. (Doc. # 31-5 at 18). He noted that the fire pattern indicated heavy calcination on the wall, but that the fire pattern did not extend to the ceiling because "that particular fire mainly involved the contents on the shelf." (*Id*. at 21). Elsewhere in the bathroom, Fuller noted that the plastic toilet seat cover showed fire damage at the rear, which occurred when the burning plastic of the grill fan dropped onto the seat cover. (*Id*. at 21). Ultimately, Fuller arrived at the same conclusion as McKenzie – that the fire started in the area of the fan. (*Id*. at 22).

C. **Defendant's Expert Testimony**

Defendant retained two experts: Thomas Wenzel, a co-owner of Accident Reconstruction Analysis, PLLC (a forensic engineering firm located in Raleigh, North Carolina) (Doc. # 34-2 at 5), and John Matthews, President of John Matthews & Associates, Inc. (an electrical engineering consulting firm). (Doc. # 31-6).

Wenzel's report identified two hypotheses regarding the origin of the fire. First, he postulated that the fire started in the area of the fan and that portions of the fan motor fell and ignited combustible materials below. (Doc. # 34-4 at 7). Second, he hypothesized that the fire started in the toilet/rack area and "heat from the fire was drawn into the operating fan igniting combustible materials in the fan." (*Id*.). However, Wenzel determined that "insufficient evidence was found to conclude to a reasonable degree of certainty whether the fire started lower in the room or at ceiling level" and thus that "the cause of the fire could not be determined." (*Id*.).

Matthews did not investigate the scene of the fire, but he did attend the subsequent laboratory examination of the evidence recovered from the scene. (Doc. # 31-6 at 3). Based on his review of the evidence, Matthews concluded that there was "no indication that the fan or its motor contributed to this fire." (*Id*. at 14).

**III.     Legal Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51). "[A]t the summary judgment stage the

4

judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

When it is the party with the burden of proof moving for summary judgment, its showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting William W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). So, to be entitled to summary judgment, the party with the burden of proof "must demonstrate that no reasonable juror could do other than find in its favor on the claim." *State Farm Mut. Ins. Co. v. Gussenhoven*, No. 17-cv-0159, 2018 WL 5085814, at *3 (N.D. Ga. Apr. 25, 2018).

**IV.    Discussion**

It has been well established in this Circuit for over twenty-five years that "[i]t is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 789, 742 (11th Cir. 1996) (citations omitted). "Where a non-movant presents direct evidence that creates a genuine issue of material fact, the only issue is one of credibility; thus, there is no legal issue for the court to decide." *Id*. (citing *Liberty Lobby*, 477 U.S. at 253-55).

The four experts in this case concluded, respectively, as follows: (1) Plaintiffs' expert McKenzie concluded that the fire began in the fan (Doc. # 31-2 at 21); (2) Plaintiffs' expert Fuller concluded that the fire started in the area of the fan (Doc. # 31-5 at 22); (3) Defendant's expert Wenzel concluded that there was insufficient evidence to determine where in the room the fire started; and (4) Defendant's expert Matthews concluded that there was no indication that the fan or its motor contributed to this fire." (*Id*. at 14). Because Plaintiff's Motion is limited to the narrow

question of *where* the fire began, rather than *how* it began, the court focuses on the reports and testimony of McKenzie, Fuller, and Wenzel.

Plaintiffs argue that there is no genuine dispute of fact because Defendant has "failed to offer any expert who has opined that it is more likely than not that the subject fire started in a location other than in the fan." (Doc. # 33 at 7). But, to defeat summary judgment, Defendant need not introduce such expert testimony. Rather, Defendant must only show that a genuine dispute of fact exists as to where the fire began. *Celotex*, 477 U.S. at 322-23.

Defendant has plainly done so. Rather than conclude that the fire started in the area of the fan, he determined that the available evidence was insufficient to make such a narrow determination on the fire's origin. (Doc. # 34-4 at 7). Plaintiff's representation that McKenzie and Fuller's conclusions went "unrefuted" by Defendant is simply incorrect. (Doc. # 33 at 8). Wenzel's determination is a direct refutation of McKenzie and Fuller's opinions that the evidence was sufficient to determine that the fire began in the area of the fan. (Docs. # 31-2 at 21; 31-5 at 22).

However, even if the court concluded that Wenzel's opinion did not directly refute those of McKenzie or Fuller, Plaintiffs still would not be entitled to summary judgment because of their heightened burden as movants who will bear the burden of proof on the issue at trial. As the court illustrated in *Gussenhoven*, a movant with the burden of proof must do more than show the absence of a dispute of fact. 2018 WL 5085814, at *3. Rather, such a plaintiff must show that "no reasonable juror *could do other* than find in its favor on the claim." *Id*. (emphasis added). Put differently, to succeed on its Motion, Plaintiffs must show that every reasonable juror would interpret the expert opinions of McKenzie, Fuller, and Wenzel just as Plaintiffs do. Plaintiffs have clearly failed to meet this necessarily high burden.

Because Defendant introduced expert testimony that conflicts with evidence introduced by Plaintiffs, the issue is one for a jury to decide – not the court. *See Mize*, 93 F.3d at 742. However, the court again stresses that even if the court agreed with Plaintiffs' interpretation of the conflicting expert opinions, Plaintiffs still would not be entitled to summary judgment because it has not met its extraordinary burden as a movant with the ultimate burden of proof. Accordingly, Plaintiffs' Motion for Summary Judgment (Doc. # 32) is due to be denied.

## V.  Conclusion

Because there is a genuine dispute of fact as to the origin location of the fire, and Plaintiffs have not shown they are entitled to judgment as a matter of law, their Motion for Summary Judgment (Doc. # 32) is due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this May 15, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE